# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:16-cv-00187-MR
# (CRIMINAL CASE NO. 3:07-cr-00243-MR-1)

| | |
|---|---|
| JAMARCUS ANTONIO HUNTLEY, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | ORDER |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 and for Immediate Release [Doc. 1]; the Government's Response in Support of Motion to Vacate [Doc. 3]; Petitioner's "Renewed" Motion for Immediate Release or, in the Alternative, Motion for Bail Pending Resentencing [Doc. 4]; and the Government's Response [Doc. 5].[1]  Petitioner Jamarcus Antonio Huntley is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina.

---

[1] This is a successive petition, but on April 25, 2016, the Fourth Circuit Court of Appeals granted Petitioner authorization to file the petition in order to bring his Johnson claim. See [Crim. Case No. 3:07-cr-00243-MR-1, Doc. 33].

Petitioner seeks relief from his 180-month sentence under 28 U.S.C. § 2255, arguing that he was improperly sentenced as an armed career criminal because he does not have three prior convictions for violent felonies, see 18 U.S.C. § 924(e). Petitioner relies on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). In its response, the Government concedes that Petitioner's motion to vacate should be granted and that he should be resentenced because certain of Petitioner's predicate convictions no longer qualify as "violent felonies" in light of Johnson. For the reasons that follow, the motion to vacate will be granted.

I.     **BACKGROUND**

Petitioner was indicted on October 24, 2007, and charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [Crim. Case No. 3:07-cr-00243-MR-1 ("CR"), Doc. 1: Indictment]. Three months later, Petitioner entered a straight-up plea of guilty. [Id., Doc. Entry dated Jan. 29, 2008]. In Petitioner's presentence report ("PSR"), the probation officer noted that Petitioner had one prior conviction for conspiracy to commit robbery with a dangerous weapon, one conviction for robbery with a dangerous weapon, two prior convictions for conspiracy to commit armed robbery, and one prior conviction for common-law robbery, all in violation of North Carolina law. [CR Doc. 11 at ¶¶ 23-24: PSR]. The probation officer

2

determined that Petitioner qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). [Id. at ¶ 18]. The probation officer calculated a total offense level of 30. [Id. at ¶ 20]. Combined with a criminal history category of IV, this offense level yielded an advisory Sentencing Guidelines range of 135 to 168 months in prison. [Id. at ¶ 43]. The probation officer also noted, however, that Petitioner faced a statutory mandatory minimum term of 180 months in prison because of his status as an armed career criminal. [Id.]. Petitioner objected to his classification as an armed career criminal, but this Court overruled his objection and sentenced him to 180 months' imprisonment. [CR Doc. 11 at 14; Doc. 18 at 2: Judgment]. Petitioner appealed, and on May 18, 2009, the Fourth Circuit affirmed this Court's judgment. United States v. Huntley, 327 F. App'x 438 (4th Cir. 2009).

Petitioner now seeks relief from his sentence under 28 U.S.C. § 2255, arguing that he was sentenced as an armed career criminal in violation of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Specifically, Petitioner contends that, in light of Johnson, he no longer has three predicate convictions supporting his classification as an armed career criminal.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The ACCA provides for a mandatory minimum term of 15 years in prison for any defendant who violates 18 U.S.C. § 922(g) and who has three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). "Violent felony" is defined to include "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B). In assessing whether a prior conviction qualifies as a violent felony for purposes of the

4

ACCA, a sentencing court employs the categorical approach, comparing the elements of the statute forming the basis of the defendant's conviction with ACCA's definition of "violent felony." See Descamps v. United States, 133 S. Ct. 2276, 2281 (2013).

In 2015, the Supreme Court held in Johnson that the ACCA's "residual clause," which defines "violent felony" to include a prior conviction for an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," is void for vagueness. Johnson, 135 S. Ct. at 2556, 2558. As a result of Johnson, a defendant who was sentenced to a statutory mandatory minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. See United States v. Newbold, 791 F.3d 455, 460 (4th Cir. 2015) (holding that the improper imposition of an ACCA-enhanced sentence is an error that is cognizable in a motion to vacate filed under 28 U.S.C. § 2255).[2] Further, the Supreme Court recently held that Johnson is retroactively applicable on collateral review to claims that the defendant was

---

[2] The Johnson Court did not strike the remainder of the "violent felony" definition, including the four enumerated offenses and the "force clause" of § 924(e)(2)(B)(i). Johnson, 135 S. Ct. at 2563. Thus, where at least three of the defendant's prior convictions satisfy the "force clause" or otherwise qualify as one of the four enumerated offenses, no relief under Johnson is warranted.

5

improperly sentenced as an armed career criminal. See Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

In its response, the Government concedes that in light of Johnson, Petitioner no longer has the requisite prior convictions to qualify as an armed career criminal. The Court agrees. In United States v. White, the Fourth Circuit recognized that criminal conspiracy under North Carolina law does not require the commission of an overt act and, consequently, that conspiracy to commit robbery with a dangerous weapon under North Carolina does not satisfy the force clause of § 924(e)(2)(B)(i). 571 F.3d 365, 368 (4th Cir. 2009). The court held in White that conspiracy to commit robbery with a dangerous weapon *did* qualify as a violent felony, but only under the ACCA's residual clause, § 924(e)(2)(B)(ii). See United States v. Melvin, 621 F. App'x 226, 226 (4th Cir. 2015) (unpublished). Because the residual clause has now been invalidated by Johnson, the holding of White has been abrogated and Petitioner's conspiracy-to-commit-robbery offenses no longer qualify as violent felonies under the ACCA. Additionally, the Fourth Circuit recently concluded that, in light of Johnson, North Carolina common law robbery does not qualify as a "violent felony" under the ACCA. United States v. Gardner, __ F.3d __, 2016 WL 2893881, at *7 (4th Cir. May 18,

2016). Without those predicate convictions, Petitioner does not have three prior convictions for a violent felony or a serious drug offense.

Without the ACCA enhancement, Petitioner is subject to a statutory maximum term of 120 months in prison. See 18 U.S.C. § 924(a)(2). Accordingly, Petitioner's motion to vacate will be granted so that Petitioner may be resentenced to a term of 120 months in prison or less.[3]

## IV. CONCLUSION

For the reasons stated herein, the Court grants Petitioner's motion to vacate, and Petitioner is entitled to be resentenced.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Motion is **GRANTED** to the extent that Petitioner's sentence is vacated and he shall be resentenced in accordance with this Order. Petitioner's request for immediate release is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's "Renewed" Motion for Immediate Release or, in the Alternative, Motion for Bail Pending Resentencing [Doc. 4] is **DENIED**.

---

[3] Petitioner seeks immediate release based on his contention that he has served over 98 months in prison and that he is subject to a non-ACCA guidelines range of 57 to 71 months. Alternatively, Petitioner moves for bond under 18 U.S.C. § 3143(a). [Doc. 4]. Because Petitioner has not yet served the 120-month maximum term to which he would be subject under a non-ACCA sentence, however, he is not entitled to immediate release. Further, Petitioner's request for bond pending resentencing is denied.

A separate Order directing the return of Petitioner to this District for resentencing shall follow.

**IT IS SO ORDERED.**

Signed: June 7, 2016

Martin Reidinger
United States District Judge